**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMAL ASIM SHAKIR,<br><br>　　　　　Petitioner - Appellee,<br>　　　　　Cross-Appellant<br><br>　v.<br><br>GREG LEWIS,[1] Warden, Pelican Bay<br>State Prison,<br><br>　　　　　Respondent - Appellant.<br>　　　　　Cross-Appellee | No. 11-55009<br><br>D.C. No. 2:03-cv-08732-DOC-MAN<br><br><br>MEMORANDUM[*] |
| JAMAL ASIM SHAKIR,<br><br>　　　　　Petitioner - Appellee　- Cross-<br>Appellant,<br><br>　v.<br><br>GREG LEWIS, Warden, Pelican Bay State<br>Prison,<br><br>　　　　　Respondent - Appellant - | No. 11-55216<br><br>D.C. No. 2:03-cv-08732-DOC-MAN |

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, Greg Lewis, Warden of Pelican Bay, is substituted for Edward Alameida as respondent, and Bill Lockyer and Bart Belknap are terminated as parties. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cross-Appellee.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 4, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY, District Judge.[**]

A California jury found Jamal Asim Shakir guilty of kidnapping for extortion, and a judge sentenced him to life in prison with the possibility of parole. The conviction arose from Shakir's attempt in July 1996 to reclaim his laptop computer and his abduction of Philip Martin in connection with that effort. Shakir's conviction was affirmed on direct appeal in the California state courts and was upheld in state post-conviction review. Shakir petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted Shakir's petition, finding that there was insufficient evidence for a reasonable jury to find Shakir guilty of aggravated kidnapping under California Penal Code §

---

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

209(a). The district court denied his other claims. Both respondent and Shakir appeal.

1. We conclude that the district court erred in finding that insufficient evidence supported Shakir's conviction for aggravated kidnapping under California Penal Code § 209(a). When considering a challenge to the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), we apply the *Jackson* standard with an additional layer of deference. Because the last state court that considered Shakir's claim denied it without explanation, he is entitled to a writ of habeas corpus only if "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter,* 131 S. Ct. 770, 784 (2011); *see also Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005) (explaining that a federal habeas petitioner's *Jackson* claim is subject to doubly deferential review under AEDPA).

At trial, the State presented sufficient evidence from which a rational jury reasonably could find that Shakir kidnapped Martin with the intent to extort from him either the laptop computer itself if he had possession of it but not on his person, or information about the computer's whereabouts if he did not have it. On

3

the latter point, Shakir contends that information about an item's location is not property within the meaning of applicable California law. The California Penal Code defines extortion as the obtaining of property from another with his consent induced by a wrongful use of force or fear. Cal. Penal Code § 518. California courts have held that the term "property," for purposes of extortion, should be construed broadly and includes intangible property. *People v. Kozlowski*, 96 Cal. App. 4th 853, 866 (2002); *see People v. Kwok*, 63 Cal. App. 4th 1236, 1251 (1998) (holding that property includes "every intangible benefit and prerogative susceptible of possession or disposition"). In *Kozlowski*, the California Court of Appeal held that a PIN code used to access a bank account was intangible property because it was subject to exclusive possession and enabled access to the funds in the account. *Kozlowski*, 96 Cal. App. 4th at 867. Shakir's crime—kidnapping Martin with the intent to force him to disclose the computer's location—involved a type of intangible property similar to that involved in *Kozlowski*. Knowledge of the laptop's whereabouts would have provided the means to obtain the computer itself, and obtaining that information from Martin, as Shakir attempted to do via the kidnapping, would have diminished the intangible benefit of that knowledge. For these reasons, we reverse the district court's ruling in Shakir's favor on his sufficiency-of-the-evidence claim.

4

2. We affirm the district court's dismissal of Shakir's other claims that we certified for appeal. First, Shakir contends that his trial counsel rendered ineffective assistance when he elicited testimony from Martin, the kidnapping victim, about his belief that Shakir was involved in a murder, without investigating and introducing evidence that Shakir was not actually involved in the murder. A thorough review of the trial record demonstrates that any errors by trial counsel in this regard did not prejudice Shakir. The testimony in question was vague and brief, and Martin did not expressly connect Shakir and the murder. Given the other evidence of Shakir's guilt, counsel's eliciting of the testimony, even if objectively unreasonable as a strategy, does not give rise to a reasonable probability that the outcome of Shakir's trial would have been different absent this evidence. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Second, Shakir contends that he is entitled to relief because his trial counsel concurrently represented a man named Munir who had information that Martin had stolen Shakir's laptop and sold it to a third party for crack cocaine. Shakir contends that this evidence would have assisted him by tending to show that Martin's actual reason for not promptly reporting his kidnapping was that he feared prosecution. He argues that his trial counsel should have presented Munir's testimony and that counsel's dual representation amounted to a conflict of interest.

5

Although a petitioner who "shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief," *Mickens v. Taylor*, 535 U.S. 162, 171 (2001) (emphasis omitted; internal quotation marks omitted), Shakir has not shown any actual conflict. Munir did not implicate himself in the alleged drug transaction between Martin and the third party, and thus counsel would not have been putting Munir in harm's way by calling him as a witness in Shakir's case. For this reason, the dual representation had no actual impact on the adequacy of counsel's representation of Shakir. *See id.* at 173 (holding that the conflict must be so significant it renders verdict unreliable). Shakir also has not established ineffective assistance under a *Strickland* analysis because he has not shown a reasonable probability that trial counsel's failure to call Munir to testify affected the outcome of the trial. *Strickland*, 466 U.S. at 694.

3.     Finally, we deny Shakir's motion to strike portions of respondent's brief and pages submitted from the record below concerning a federal criminal proceeding involving Shakir. Respondent submitted the documents in question to the district court *ex parte*, and although Shakir was not given the opportunity to review them, they are properly part of the record on appeal. Fed. R. App. P.

10(a)(1).  We do not, however, consider the other criminal proceeding—which is not yet final—in deciding this appeal.

In sum, we reverse the district court's grant of a writ of habeas corpus.  We affirm the denial of habeas relief in all other respects.

**AFFIRMED in part and REVERSED in part.**